UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CLAYTON PIERRE BRESSETTE,**

    **Plaintiff,**

v.                                                        Case No: 5:12-cv-550-Oc-GKS-PRL

**COMMISSIONER OF SOCIAL
SECURITY**

    **Defendant.**

**REPORT AND RECOMMENDATION**[1]

This case is before the Court on the Plaintiff's appeal of an administrative decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI"). The Court has reviewed the record, the memoranda, and the applicable law. For the reasons set forth herein, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED.**

    **I. Procedural History and Summary of the ALJ's Decision**

On February 5, 2009, Plaintiff filed for a period of disability insurance benefits (DIB) and supplemental security income (SSI) alleging he was disabled since January 25, 2009. (Tr. 21, 110-16). The claims were denied at the initial level on May 8, 2008 (Tr. 65-70). Plaintiff's request for reconsideration was denied on July 23, 2009. (Tr. 74-44). Following a hearing on October 28, 2010 (Tr. 34-56), the Administrative Law Judge (ALJ) issued an unfavorable

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

decision on November 29, 2010 (Tr. 18-33). The Appeals Council denied Plaintiff's request for review. (Tr. 8-11). Plaintiff initiated this action seeking review of the ALJ's decision. (Doc. 1). Thus, Plaintiff appeals from the final decision pursuant to 42 U. S. C. § 405(g).

At the time of the hearing, Plaintiff was 44 years old, and had only completed the eighth grade. Plaintiff testified that he had previously worked as an assembler souldering computer boards, and that the job required him to lift up to 30 pounds. (Tr. 41). Plaintiff had previously worked in metal shop production. (Tr. 38, 40-41). Based on a review of the medical evidence and Plaintiff's testimony, the ALJ found that Plaintiff had the severe impairments of a back disorder and alcohol abuse (Tr. 23). The ALJ then determined that Plaintiff had the residual functional capacity (RFC) to perform a wide range of sedentary work but he can never climb ladders, ropes, and scaffolding, and he can occasionally climb, balance, stoop, kneel, crouch, and crawl. (Tr. 24). Based on Plaintiff's RFC, the ALJ found Plaintiff could not perform his past relevant work. (Tr. 27). However, applying the Grids as a framework, and based upon a residual functional capacity for a wide range of sedentary work, the ALJ found Plaintiff was not disabled. (Tr. 28).

## II. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.V.R. §404.1520. The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987)

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995)(per curiam)(internal citations omitted); see also *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)(per curiam.) "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote,* 67 F.3d at 1560, see also *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992)(stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings.)

### III. Relevant Evidence and Arguments on Appeal

Plaintiff raises two arguments on appeal: (1) that the ALJ erred by failing to utilize the testimony of an vocational expert, and by instead relying on the mechanical application of the medical-vocational guidelines, when the record shows that the Plaintiff suffered from non-exertional impairments, thereby precluding the use of the medical-vocational guidelines; and (2) the ALJ erred in finding that the claimant was "not credible" when the record clearly reveals that

the Plaintiff suffered from documented impairments causing significant limitations.

### A. The ALJ's Finding That Plaintiff Could Perform Other Work

Plaintiff first argues that the ALJ erred in determining that Plaintiff could perform other work. Specifically, Plaintiff contends that the ALJ erred by failing to use the testimony of a vocational expert, and, instead, relying on a mechanical application of the medical-vocational guidelines. Plaintiff contends that Plaintiff suffered from non-exertional impairments, thereby precluding the use of the medical-vocational guidelines.

In this case, the ALJ determined that Plaintiff was unable to perform any past relevant work. (Tr. 27). Consequently, the ALJ had to determine if Plaintiff could do other work. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g), *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). An ALJ may rely on the Grids, and testimony from a vocational expert is not required, if a claimant can perform the full range of work given his limitations, if they do not prevent the performance of a wide range of work at the particular exertional level. *See Phillips v. Barnhart,* 357 F.3d 1232, 1242-43 (11th Cir. 2004). When a claimant's vocational characteristics coincide with the factors of a rule in the Grids, the existence of jobs in the national economy is established and the claimant is considered not disabled. See 20 C.F.R. §§ 416.969, 469.969a(b); *Phillips*, 357 F.3d at 1239-40, 1242-43.

Plaintiff concedes that exclusive reliance on the Grids is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors, citing 20 C.F.R. Subpart P, Appendix 2, § 200.00(e). Plaintiff contends that exclusive reliance is not appropriate where a claimant has a non-exertional impairment that significantly limits basic work skills, citing *Walker v. Bowen*, 826 F.2d 996, 1002, 03 (11th Cir. 1987).

"Exclusive reliance on the grids is not appropriate either when claimant is unable to perform a full range of work at a given functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir.1985). The grids may not be used when the claimant's non-exertional impairments are severe enough to preclude a wide range of employment at the level indicated by the exertional impairments. *Smith v Bowen*, 792 F.2d 1547, 1554 (11th Cir. 1986); 20 C.F.R. pt. 404, subpt. P, app. II § 200.00(e). Non-exertional impairments include "postural and manipulative limitations, and must be considered in determining a claimant's residual functional capacity." 20 C.F.R. § 416.945(d).

In this case, the ALJ found that Plaintiff's nonexertional limitations of never climbing ladders, ropers, or scaffolds, and occasionally climbing, balancing, stooping, kneeling, crouching, and crawling would not significantly erode the range of sedentary work encompassed by the Grids. (Tr. 28). Indeed, SSR 96–9p provides that "[p]ostural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work."

The Commissioner argues that the ability to stoop occasionally is required in most unskilled sedentary occupations, and only a complete inability to stoop would significantly erodes the unskilled occupational base, citing SSR 96-6p. The Court agrees, and finds that substantial evidence supports the ALJ's reliance on the Grids in finding that Plaintiff could perform other work and was not disabled.

### B. The ALJ's Finding Regarding Plaintiff's Allegations of Disabling Limitations

Plaintiff's second (and final) argument on appeal is that the ALJ erred in finding that the

Plaintiff was not credible "when the record clearly reveals that Plaintiff suffered from documented impairments causing significant limitations." (Doc. 20, p. 11). Plaintiff specifically takes issue with the ALJ's finding that Plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms were not credible to the extent they were inconsistent with the RFC.

In reaching his finding, the ALJ considered record evidence including records from Dr. Tindall dated April 23, 2009. (Tr. 270). Dr. Tindall noted that Plaintiff was able to drive and was independent for activities of daily living. (Tr. 270). The records note that Plaintiff was able to turn a doorknob, button clothing, write and use a computer keyboard. (Tr. 270).

In October 2010, Dr. Placer, Plaintiff's treating physician at The Spine and Scoliosis Center, completed a medical source statement stating that Plaintiff could shop, travel, walk short distances, take public transportation, and sort, handle, or use paper files. (Tr. 301). There is also evidence that epidural injections and pain medications controlled Plaintiff's pain, which undermine his allegations. (Tr. 25, 27, 251, 157, 304.) For example, records indicate Plaintiff experienced "excellent relief of extremity pain, good improvement in low back pain," as a result of epidural injections. (Tr. 151)

The ALJ also considered Plaintiff's statements that he could drive to the store, sit up to six hours in a work day, sweep, take out the trash, use a computer, help his children with their homework, prepare meals, look after his children, and attend football practice with his son. (Tr. 52-55, 162, 164). The ALJ found that these activities were inconsistent with allegations of incapacitating limitations or pain.

The Court agrees. A claimant's activities may show that his condition was not as limiting as he alleged. *Dyer v.* Barnhart, 395 F.3d 1206, 1212 (11th Cir. 2005), *Macia v. Bowen*, 829

F.2d 1009, 1012 (11th Cir. 1987). Given the record as a whole, substantial evidence supports the ALJ's credibility finding regarding Plaintiff's disabling limitations.

### IV. RECOMMENDATION

For the reasons stated above, the Court finds that substantial evidence supports the Commissioner's decision and it is respectfully **RECOMMENDED** that the ALJ'S decision should be **AFFIRMED.**

**DONE AND ENTERED** in Ocala, Florida, on December 10, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:

District Judge
Unrepresented parties
All Counsel